# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

STEFFEN V. WRIGHT,⁣         )
                            )
         **Movant,**       )
**v.**                       )       **Civil Action No. 5:11-0494**
                            )       **Criminal Action No. 5:03-0052**
**UNITED STATES OF AMERICA,** )
                            )
         **Respondent.**   )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 135.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 138.)

### FACTUAL BACKGROUND

On May 5, 2003, Movant pled guilty to an Indictment in Criminal Action No. 5:03-0052 charging him with one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Criminal Action No. 5:03-0052, Document Nos. 38 - 40.) Movant was sentenced on August 12, 2003. (Id., Document Nos. 45 and 46.) The District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 29, having granted a two-level downward adjustment for acceptance of responsibility, and a one-level downward adjustment for timely notifying authorities of his intention to plead guilty. (Id.) The District Court ordered that

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Movant serve a 120-month term of incarceration to be followed by a five-year term of supervised release. (<u>Id.</u>) The District Court also imposed a $100 special assessment. (<u>Id.</u>) Movant filed a Notice of Appeal on November 17, 2003. (<u>Id.</u>, Document No. 53.) By Order filed on March 15, 2004, the Fourth Circuit Court of Appeals granted Movant's Motion to Dismiss his appeal. (<u>Id.</u>, Document Nos. 58 - 61.) On August 10, 2004, the United States filed a Motion to Reduce Sentence Pursuant to Rule 35. (<u>Id.</u>, Document No. 63.) By Order entered on September 9, 2004, the District Court granted the United States' Motion and reduced Movant's sentence to a "48-month term of incarceration, with credit for time served." (<u>Id.</u>, Document No. 67.) The District Court further stated that "[w]ith the exception of the reduction in the term of incarceration, the requirements and directives of the previously entered Judgment shall remain in full force and effect." (<u>Id.</u>)

Movant began serving his five-year term of supervised release on March 19, 2007. (<u>Id.</u>, Document No. 76.) On August 26, 2008, United States Probation Officer Amy Berry Richmond filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (<u>Id.</u>) The District Court granted the Petition and issued a warrant for Movant's arrest. (<u>Id.</u>, Document Nos. 76 and 77.) On September 29, 2008, the District Court conducted a Revocation Hearing and determined that Movant violated certain conditions of his supervised release. (<u>Id.</u>, Document No. 96.) The District Court, therefore, revoked Movant's term of supervised release and imposed an 11-month term of incarceration to be followed by a 48-month term of supervised release. (<u>Id.</u>) Movant filed a Notice of Appeal on October 1, 2008. (<u>Id.</u>, Document No. 96.) In his appeal, Movant argued that his sentence was unreasonable. On April 21, 2009, the Fourth Circuit Court of Appeals affirmed Movant's sentence. (<u>Id.</u>, Document No. 111.); <u>United States v. Wright</u>, 322 Fed.Appx. 315 (4th Cir. 2009).

On October 1, 2009, Movant began serving his 48-month term of supervised release.

(Criminal Action No. 5:03-00052, Document No. 116.) On November 1, 2010, United States Probation Officer Amy Berry Richmond filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 116 and 117.) On November 22, 2010, the District Court conducted a Revocation Hearing and determined that Movant violated certain conditions of his supervised release. (Id., Document Nos. 127 and 128.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 49-month term of incarceration. (Id., Document No. 128.) Movant did not file a Notice of Appeal.

On March 23, 2011, Movant, acting *pro se*, filed a "Motion to Modify Unlawful Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(b), Fed R. Crim. Pro 35(a), and Petition for Writ of Mandamus; and Motion to Extend Time Fed. R. Criminal Proc. 45." (Id., Document No. 132.) Specifically, Movant argued that the District Court miscalculated the applicable Sentencing Guidelines. (Id.) By Memorandum Opinion and Order entered on September 19, 2011, the District Court denied Movant's Motion. (Document No. 140.) First, the District Court determined that Movant's Motion was untimely pursuant to Rule 35(a). (Id.) Next, the District Court noted that since Movant was proceeding *pro se*, the Court would address the merits of his claim. (Id.) Specifically, the District Court found as follows:

> Defendant argues that the appropriate guideline range for his revocation sentence was 6 - 12 months. He argues that his most serious supervised release violation was a Grade C violation. With a criminal history category of IV, this would result in a guideline range of 6 - 12 months. Id. Actually, Defendant had Grade A and Grade C violations. Pursuant to U.S.S.G. § 7b1.1(b), the most serious grade of violation is to be used in calculating the advisory guidelines. Here, Defendant's most serious grade of violation is to be used in calculating the advisory guidelines. Here, Defendant's most serious violation was a Grade A violation. His criminal history category at the time of his underlying conviction, for a Class A felony, was III. (Rev.

3

Hrg. Tr. at 12.) Accordingly, the appropriate advisory guideline range provided in U.S.S.G. § 7B1.4 was imprisonment of 30 - 37 months. However, the sentencing guidelines are advisory and are not binding on the Court. <u>United States v. Davis</u>, 53 F.3d 638, 640 (4th Cir. 1995). Defendant's maximum statutory range of imprisonment for revocation based on his original conviction for a Class A felony was sixty (60) months. 18 U.S.C. § 3583(e). However, because Defendant has previously served eleven (11) months in prison on a prior revocation (See Document 95), the maximum period of imprisonment that could be imposed in this proceeding was forty-nine (49) months. 18 U.S.C. § 3583(e).

At the time of the revocation hearing, Defendant had an indictment pending against him. (5:10-CR-00164, Document 1.) Through his counsel, Defendant requested that "the Court imposed the maximum sentence available for the revocation proceeding of forty-nine (49) months with the understanding that the Government will dismiss with prejudice the two counts in the indictment that  named Mr. Wright." (Rev. Hrg. Tr. at 9.) This indictment was, in fact, dismissed with prejudice by this Court on November 22, 2010. (5:10-CR-00164, Document 31.) Defendant conveniently leaves this fact out of his motion to modify his sentence. After giving consideration to all of the relevant factors in 18 U.S.C. § 3553(a), the Defendant's history, and the agreement to dismiss the pending indictment, the Court imposed the statutory maximum sentence of forty-nine (49) months in prison. (Rev. Hrg. Tr. at 14.) Therefore, even if Defendant had timely filed his motion to modify his sentence, the Court finds it would be denied on the merits because, as discussed *supra*, the Defendant's sentence was legally appropriate.

(<u>Id.</u>)

On July 21, 2011, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:11-0494, Document No. 135.) As grounds for *habeas* relief, Movant alleges that the District Court incorrectly calculated the applicable Sentencing Guideline range. (<u>Id.</u>) Specifically, Movant states "[a]s per the United States Sentencing Guidelines, the sentence imposed for the listed violations are incorrectly calculated and imposed. United States Sentencing Guidelines and United States Code Appx information is attached to this petition." (<u>Id.</u>, p. 4.) In support, Movant attaches the following: (1) A copy of 18 U.S.C. Appx. §§ 7B1.1 and 7B1.3 (<u>Id.</u>, pp. 7 -12.); and (2) A copy of pertinent Sentencing Guidelines (<u>Id.</u>, pp. 13 - 20.).

4

## DISCUSSION

**1.    Moot by Release:**

Article III, Section 2 of the United States Constitution provides that Federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the United States Constitution. Lewis v. Continental Bank Corp., 494 U.S. at 477 - 478, 110 S.Ct. at 1253 - 1254. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion continues to be viable therefore

5

while he is on supervised release. <u>Smith v. United States</u>, 2009 WL 2213480, *1 (S.D.W.Va. July 23, 2009)(J. Goodwin). When a change occurs, however, which eliminates a Section 2255 Movant's interest in the outcome or need for the requested relief, the case becomes moot. <u>Hurt v. United States</u>, 2009 WL 36491, *3 (S.D.W.Va. Jan. 5, 2009)(J. Faber). The termination or expiration of the term of supervised release and complete discharge of the sentence is such a change. (<u>Id.</u>)

According to the BOP's Inmate Locator, Movant was released from custody on May 9, 2014. Movant has no pending term of supervised release. Movant has served his entire sentence, and there can be no "collateral consequences" beyond that point in time. Movant's claim in this Section 2255 proceeding was no longer viable as it no longer presented a live case or controversy. It therefore became moot. Consequently, the Court can no longer consider Movant's Motion, and this matter must be dismissed.

**2.      Procedurally Barred Claims:**

Notwithstanding the foregoing, the undersigned further finds that Movant's claim is procedurally barred. The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. <u>Sunal v. Large</u>, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. <u>Stone v. Powell</u>, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result

6

from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." <u>Id.</u> at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. <u>See</u> <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997)(quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. <u>Mikalajunas</u>, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. <u>Id.</u> at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), <u>cert. denied</u>, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

Movant claims that the District Court improperly calculated his sentence pursuant to the Sentencing Guidelines[2] and imposed an excessive sentence. The above alleged error was not raised

---

[2] It is well established that a non-constitutional error may only serve as a basis for collateral attack when it involves "a fundamental defect which inherently results in a complete miscarriage of

on appeal. Further, Movant has not shown and cannot show good cause for failing to do so and that

prejudice has resulted. The Court, therefore, finds that the above error is procedurally barred.

### PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

Sentence by a Person in Federal Custody (Document No. 135.) and **REMOVE** this matter from the

---

justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). The Fourth Circuit has held that "ordinary misapplication of the guidelines does not amount to a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Recently, the Fourth Circuit considered "what constitutes an 'ordinary' Guidelines error as opposed to something more fundamental." *Whiteside v. United States*, 2014 WL 1364019, * 6 - 11 (4th Cir. April 8, 2014). In *Whiteside v. United States*, the Fourth Circuit determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at * 8. The Fourth Circuit explained as follows at *9:

> [T]he impact of the career offender enhancement is far from ordinary. It is certainly nothing like the two-level enhancement for restraint of the victim which was rejected as a source of habeas relief in *Mikalajunas*. That case presents a far better example of a garden variety Guidelines adjustment that, while possibly having an impact on the defendant's sentence, cannot be said to constitute a fundamental miscarriage of justice. In contrast, an enhancement that casts the defendant as a hopeless recidivist worthy of the strictest possible punishment, and that has the effect of robbing a defendant of this freedom for some eight years, is fundamentally different.

In the instant case, Movant appears to be arguing that the District Court miscalculated the Guideline range after erroneously determining that his most serious supervised release violation was a Grade A violation. Similar to *Mikalajuna* and *Pregent*, Movant is alleging an "ordinary" misapplication of the Guidelines which does not amount to a miscarriage of justice. Furthermore, the record reveals that Movant requested the Court sentence him above the Guideline range based upon an agreement between Movant and the Government. Specifically, Movant requested that "the Court impose the maximum sentence available for the revocation proceeding of forty-nine (49) months with the understanding that the Government will dismiss with prejudice the two counts in the indictment that named Mr. Wright." (Rev. Hrg. Tr. at 9.) The record reveals that the pending indictment was dismissed. *United States v. Wright*, Case No. 5:10-cr-00164, Document 31. Therefore, Movant's claim is without merit.

Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: June 3, 2014.

R. Clarke VanDervort
United States Magistrate Judge